FILED
APR - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEREMY E. BIGWOOD )
3200 16th St. N.W. #806 )
Washington, D.C. 20010 )
(202) 319-9150 )
)
Plaintiff, )
)
v. ) CASE NUMBER 1:06CV00635
) JUDGE: Paul L. Friedman
UNITED STATES AGENCY FOR )
INTERNATIONAL DEVELOPMENT ) DECK TYPE: FOIA/Privacy Act
Information & Records Division )
Office of Administrative Services ) DATE STAMP: 04/06/2006
1300 Pennsylvania Avenue, Rm. 2.07C )
Ronald Reagan Building )
Washington, D.C. 20523-2701 )
(202) 712-0000 )
)
Defendant. )
)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 USC Section 552, as amended, to order the production of:

a) The UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT (hereinafter "USAID")'s funding of any projects, organizations or other entities in Venezuela from 1998 to Feb. 2004 and any USAID analysis of the situation in Venezuela from 1998 to February 2004.

2. The requested records in paragraph 1 above will contribute significantly to public understanding of the operations or activities of the United States government, which is the funding of Venezuelan opposition "non-governmental" organizations.

## Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. Section 552(a)(4)(B).

4. Plaintiff JEREMY E. BIGWOOD is an investigative journalist who resides in Washington, D.C. and is working on a research and publishing project on the subject matter of these requests.

5. Defendant USAID is an Agency of the United States government, and has possession and control over records that plaintiff seeks.

## COUNT ONE

6. By a series of FOIA requests made in November and December 2003 to the USAID headquarters in Washington, D.C., plaintiff requested any and all records regarding: the American Center for International Solidarity and its relationship with the Confederation of Venezuelan Workers; Moslem terrorists on Venezuela's Margarita Island; the Colombian guerrilla organization called the FARC in Venezuela; U.S. government or U.S. private police or military training in Venezuela; Globalvision TV in Venezuela; International Military Education and Training in Venezuela; Isla La Orchila in Venezuela; the Caracas Metropolitan Police; the Coup against Venezuelan President Hugo Chávez; Pedro Carmona, President of Venezuela for a little more than a day; Science Applied International Corporation in Venezuela; Alfredo Peña, Mayor of Caracas; meeting between U.S. Deputy Assistant Secretary of Defense and Venezuela's Military Chief General Lucas Romero Rincon on December 18, 2001; Arms sales by Peruvian intelligence chief Vladimiro Montesinos to the FARC; Reports by U.S. military officers from Venezuela during April 2000; attack on Venezuela's Libertador Air Force

base; Venezuelan rebel military officers; Venezuelan opposition arms seizures; Petroleos de Venezuela (PdVSA); the Súmate organization; and Venezuelan television stations.

7. Defendant responded to the FOIA requests in paragraph 6 above via a telephone call on or before February 26, 2004 requesting that plaintiff narrow down his requests.

8. On February 26, 2004, plaintiff responded via e-mail combining all of the FOIA requests listed in paragraph 6 into a single request, to wit:

- Documentation of USAID funding of any projects, organizations or other entities in Venezuela from 1998 to the present.
- Any USAID analysis of the situation in Venezuela made from 1998 to the present.

9. On July 6, 2004, plaintiff requested through letter and e-mail that the request described in paragraph 8 be subjected to expedited processing based upon the news value of the information.

10. On August 20, 2004, defendant responded to request releasing several pages of excised documents withholding information the names of the organizations it funded in Venezuela under FOIA Exemption (b)(6), 5 U.S.C. § 552 (b)(6) – "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Defendant also withheld documents under FOIA Exemption (b)(4), 5 U.S.C. § 552 (b)(4) – "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential."

11. On September 8, 2004, plaintiff administratively appealed the wrongful withholding described in paragraph 10 above arguing that Exemption (b)(6), 5 U.S.C. § 552 (b)(6) cannot be used to withhold the names of organizations receiving USAID funding as it refers only to medical and personnel files; and that Exemption (b)(4), 5 U.S.C. § 552 (b)(4) was similarly wrongfully invoked.

12. On November 9, 2004, defendant responded, releasing documents related to its funding of U.S.-based NGOs but continued to wrongfully withhold the names of organizations it funds in Venezuela under Exemption (b)(6)and neglected to respond to plaintiff's appeal in the case of the material withheld under Exemption (b)(6).

### The USAID's Failure to Comply with Plaintiff's Request

13. Plaintiff has exhausted the applicable administrative remedies with respect to the FOIA request to the USAID.

14. The USAID has wrongfully withheld the requested records from the plaintiff.

### Requested Relief

WHEREFORE, the Plaintiff prays that this Court:

(1) Declare that defendant's refusal to disclose the records requested by plaintiff is unlawful;

(2) Order defendant to make the requested records available to the plaintiff forthwith;

(3) Order defendant to provide the records without any charge for search, processing or duplication fees;

4) Award plaintiff his costs and reasonable attorney's fees in this action; and

(5) Grant such other and further relief as the Court may deem just and proper.

                                    Respectfully submitted,

                                    Jeremy E. Bigwood
                                    Pro Se
                                    3200 16th St. NW #806
                                    Washington, D.C. 20010
                                    (202) 319-9150