UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEREMY E. BIGWOOD, )<br>)<br>              **Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>UNITED STATES AGENCY FOR )<br>INTERNATIONAL DEVELOPMENT, )<br>)<br>              **Defendant.** )<br>_____) | **Civil Action No. 06-0635 (PLF)**<br>**(ECF)** |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, United States Agency for International Development (the "Agency" or "USAID"), through undersigned counsel, hereby submits the following Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56(b) and (c). Plaintiff alleges that the Agency violated the Freedom of Information Act ("FOIA") when it partially denied his request for documents pertaining to USAID's funding of projects and organizations in Venezuela from 1998. The Agency provided responsive documents, but withheld the names of persons whose liberty may be at risk, or may be otherwise harassed, if identifying information about them was revealed, pursuant to exemption (b)(6) of the FOIA.

Plaintiff should take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent

>to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

A Statement of Undisputed Material Facts, a Memorandum of Points and Authorities in support of this Motion, the declaration of a responsible officials, and a proposed Order are filed herewith.  For the reasons provided in the attached Memorandum of Points and Authorities, there are no material facts in dispute and, the facts in this case establish that summary judgment should be granted in Agency's favor as a matter of law.

          Respectfully submitted,

          /s/

          KENNETH L. WAINSTEIN, D.C. Bar #451058
          United States Attorney
          /s/

          RUDOLPH CONTRERAS, DC Bar #434122
          Assistant United States Attorney
          /s/

          MERCEDEH MOMENI
          Assistant United States Attorney
          555 4th Street, N.W.
          Civil Division
          Washington, D.C.  20530

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JEREMY E. BIGWOOD,** | ) |
| | ) |
|                 **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   Civil Action No. 06-0635 (PLF) |
| | )   (ECF) |
| **UNITED STATES AGENCY FOR** | ) |
| **INTERNATIONAL DEVELOPMENT,** | ) |
| | ) |
|                 **Defendant.** | ) |
| | ) |

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Civil Rules 7(h) and 56.1, USAID submits the following Statement of Material Facts Not in Dispute:

    1.  By an electronic mail dated February 26, 2004, Plaintiff, Jeremy Bigwood, submitted a FOIA request to the Agency, specifically asking for "Documentation of USAID funding of any projects, organizations or other entities in Venezuela from 1998 to present." In the same correspondence, he also requested "[a]ny USAID analysis of the situation in Venezuela made from 1998 to the present." (Complt. ¶8 and Joanne Paskar's Declaration (Paskar Decl.), Attachment 1.)

    2.  On February 27, 2004, a USAID Senior FOIA officer spoke with Plaintiff and informed him that, for the purposes of his FOIA request, the Agency would grant him "news media" status. (Paskar Decl. ¶ 5, Attachment 2.)

3. On March 11, 2004, the Agency sent an official acknowledgment letter to Mr. Bigwood confirming his classification as a member of the "news media". (Paskar Decl. Attachment 3).

4. Plaintiff requested that his request be processed in an expedited manner by letter dated July 7, 2004. (Paskar Decl. ¶7, Attachment 4.)

5. By letter dated August 20, 2004, the Agency sent the first partial response to Plaintiff's request. The response consisted of documents totaling 511 pages of grant agreements issued by a USAID contractor, Development Alternatives, Inc., (DAI). Although a substantial portion of those documents were released, some withholdings were made pursuant to FOIA exemptions (b)(4) and (b)(6). (Paskar Decl. ¶8, Attachment 5.) Specifically, the Agency withheld documents to "protect the identities of the individuals working for the local grant recipients" pursuant to Exemption (b)(6), and documents that may have contained certain financial information reflecting trade secrets and/or commercial or financial information, pursuant to Exemption (b)(4). (Id., Attachment 5.)

6. By letter August 28, 2004, Plaintiff appealed the withholdings. The Agency received the letter on or about September 4, 2004. (Paskar Decl. ¶9, Attachment 6.)

7. On or about November 9, 2004, the Agency released previously withheld documents pertaining to cost, fringe benefits, and salary figures for the Carter Center and the National Democratic Institute for International Affairs, with the concurrence of the two organizations. Thereafter, USAID no longer withheld any documents pursuant to FOIA exemption (b)(4). (Paskar Decl. ¶ 10, Attachment 7).

8. The Agency continued to withhold the other previously withheld information under FOIA exemption (b)(6), as outlined in the attached Vaughn Index, and so notified Plaintiff. (Paskar Decl. ¶ 10, Attachment 8).

Respectfully Submitted,

/s/
_____
KENNETH L. WAINSTEIN
D.C. Bar #451058
United States Attorney

/s/
_____
RUDOLPH CONTRERAS
D.C. BAR #434122
Assistant United States Attorney

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 305-4851

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEREMY E. BIGWOOD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-0635 (PLF) |
| | ) (ECF) |
| **UNITED STATES AGENCY FOR** | ) |
| **INTERNATIONAL DEVELOPMENT,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF IT MOTION FOR SUMMARY JUDGMENT**

**BACKGROUND**

Plaintiff, Jeremy Bigwood, is a journalist "working on a research and publishing project" on Venezuela-related topics. Complt. ¶ 4. In December 2003, Plaintiff made a lengthy and detailed FOIA request of the United States Agency for International Development ("USAID" or the "Agency"). Complt. ¶6. On February 26, 2004, Plaintiff narrowed his request, to documents regarding the Agency's funding and analysis of projects, organizations and other entities in Venezuela since 1998. See Complt. ¶ 8. After telephone conversations with Agency's FOIA staff, he was granted news media status, for fee waiver purposes, and provided with numerous documents. See Statement of Material Facts Not in Dispute ("SMF") ¶¶ 2-3.

Initially, the Agency made a partial disclosure, releasing 511 pages of documents on or about August 20, 2004. SMF ¶ 5. Some materials were withheld pursuant to FOIA Exemptions (b)(4) and (b)(6). Id. On or about November 9, 2004, after Plaintiff had filed his appeal of the

6

withholdings, the (b)(4) related materials were also released.  SMF ¶¶ 6-7.  However, USAID continued to withhold information identifying individuals employed by local grant recipients, including the "individuals' names, the names and addresses of their employers, and signatures," pursuant to Exemption (b)(6).  <u>See</u> November 9, 2004 USAID letter to Plaintiff, Paskar Decl. Attachment 7.  This decision was based on USAID's concerns for reprisal against those individuals by the Venezuelan government.  <u>Id</u>.  Plaintiff then filed the instant Complaint.

The process by which the Agency considered Plaintiff's request and the safety and security of individuals to whom it grants funding in Venezuela, was a thorough and detailed one.  It involved several individuals from across the Agency as well as input from experts at the United States Department of State.  Porter Decl. ¶¶ 3, 4, 6, and 12; and Paskar Decl. ¶ 19.  In other words, the Agency did not invoke Exemption (b)(6) lightly, or without balancing Plaintiff's request against the possible repercussions for individuals working for grant recipients in Venezuela, given the volatile political situation in that country, as reported by independent human rights groups, the Department of State and the news media.  Porter Decl. ¶¶ 14a-n.  In the final analysis, the Agency could not ignore the fact that local grantees' physical safety and/or liberty would be in danger if USAID disclosed the identity of those persons.  Because the Agency properly invoked FOIA Exemption (b)(6), the Court should grant this Motion for Summary Judgement.

## STATEMENT OF FACTS

The Agency adopts, by reference, the attached Statement of Material Facts Not in Dispute.

**LEGAL ARGUMENT**

I.      **STANDARD OF REVIEW.**

Pursuant to Rule 56 of the Fed. R. Civ. P., summary judgment "shall be rendered" if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that this no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  The party adverse to summary judgment must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The United States Supreme Court has recognized that "summary judgment is . . . not a disfavored procedural shortcut, but . . . an integral part of the Federal Rules as a whole." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Williams v. Verizon Washington D.C., Inc., 266 F. Supp.2d 107, 116 (D.D.C. 2003).

In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." See Williams, 266 F. Supp.2d at 107 (citing Washington Post Co. v. U.S. Dep't of Health and Human Servs., 865 F.2d 320, 325 (D.D. Cir. 1989).  Where the nonmovant bears the burden of proof, however, the nonmovant must not rely on conclusory allegations, but must present specific facts from which a reasonable jury could find in the nonmovant's favor. See id.  Thus, to defeat summary judgment, a plaintiff must establish more than the "mere scintilla of evidence" in support of its position. Bryant v. R.L. Brownlee, 265 F. Supp.2d 52, 57 (D.D.C. 2003); Bush v. Engleman, 266 F. Supp.2d 97, 102 (D.D.C. 2003).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id.  FOIA cases

are typically decided on motions for summary judgment.  See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).

II. **THE AGENCY PROPERLY INVOKED FOIA EXEMPTION (b)(6) TO WITHHOLD INFORMATION PROTECTED FROM DISCLOSURE.**

As explained below, the Agency withheld documents responsive to Plaintiff's FOIA requests pursuant to FOIA Exemption (b)(6).  FOIA, at 5 U.S.C. § 552 (b)(6), sets forth an exemption for personnel, and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

A. **Exemption (b)(6) is Construed Broadly**

Preliminarily, it should be noted that the Supreme Court has interpreted the phrase 'similar files' to include all information that applies to a particular individual." Lepelletier v. FDIC, 164 F.3d 37, 46 (D.C. Cir.  1999) (quoting Dept. of State v. Washington Post Co., 456 U.S. 595, 602 (1982)) (emphasis added).  That the files or information withheld does not concern actual USAID personnel or medical information, is irrelevant.  Accordingly, any arguments to the contrary are without merit.

In 1982 the Supreme Court ruled, based upon a review of the legislative history of FOIA, that Congress intended that Exemption 6 be construed in a manner that ensures the protection of an individual's privacy and security, concluding that the phrase "personnel and medical and similar files" should be applied broadly, rather than narrowly. Dept. of State v. Washington Post, 465, U.S. 595 (1982) (citizenship status withheld to protect against injury and embarrassment) (citing H.R. Rep. No. 89-1497 at 11 (1966).  See also, Holy Spirit Ass'n for Unification of

9

World Christianity v. FBI, 683 F.2d 562, 565 (D.C. Cir. 1982) (McKinnon, J. concurring) (names and addresses withheld for fear of reprisal); In Defense of Animals v .Dept. of Helath and Human Services, No. 99-3024, 2001 U.S. Dist. LEXIS 24975, (D.C. Cir. 2001) (names of committee members reviewing animal test lab withheld due to the fear of threats and harassment).  The Court stated that the protection of an individual's privacy "surely was not intended to turn upon the label of the file which contains the damaging information." Washington Post, 465, U.S. at 601.  Instead, the Court made clear that information that applies to a particular individual meets the threshold requirement for Exemption 6 protection.  Id. at 601-02.  This threshold is met where the information applies to any particular, identifiable individual. See also Larkin Law Firm, P.C. v. FTC, 352 F.3d 1122, 1123 (7th Cir. 2003) (finding that consumer complaints filed with the FTC "clearly fall[] within the exemption"), cert. denied, 124 S.Ct. 2848 (2004); Sherman v. Dep't of the Army, 244 F.3d 357, 361 (5th Cir. 2001) (recognizing that the "Supreme Court has interpreted exemption 6 'files' broadly to include 'information which applies to a particular individual'").  That standard is readily satisfied in the instant matter.

      Here, the Agency, after consultation with experts within USAID and outside the Agency, concluded that individuals working under USAID-funded projects are in fact subject to various forms of harassment, including false or wrongful arrest.  Porter Decl. ¶14.  The substantial prospect of harassment, embarrassment, or worse is more than sufficient to protect from disclosure the individual identifying information at issue pursuant to Exemption 6.  Indeed, cognizant of the serious harassment suffered by grant recipients, after the National Endowment for Democracy ("NED") made similar disclosures to Plaintiff, the Agency had no choice but to invoke Exemption (b)(6) to safeguard its own local grant recipients.  Porter Decl. ¶¶ 8-9.  Where

a person's fear of reprisals is reasonable, on the basis either of demonstrated facts or of the inferences to be drawn from those facts, privacy interests support the application of Exemption 6. Holy Spirit Ass'n for Unification 683 F.2d at 565, (MacKinnon, J. concurring); Dept. of State v. Ray, 502 U.S. 164, 177 (1991) (affirming redaction of the names of Haitian nationals returned to Haiti to guard against their possible prosecution).

The Court has also emphasized that "both the common law and the literal understanding of privacy encompass the individual's control of information concerning his or her person." U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 763 (1989). To determine whether there would be a "clearly unwarranted invasion of personal privacy," the court must balance the interests of protecting "an individual's private affairs from unnecessary public scrutiny," and "the public's right to governmental information." Lepelletier, 164 F.3d at 46 (citing United States Dept. of Defense Dept. of Military Affairs v. FLRA, 964 F.2d 26, 29 (D.C. Cir. 1992) and quoting Department of Air Force v. Rose, 425 U.S. 352, 372 (1976)) (internal quotation marks omitted).

In determining how to balance the private and public interests involved, the Supreme Court has sharply limited the notion of "public interest" under the FOIA: "[T]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" Lepelletier, 164 F.3d at 46 (quoting United States Dept. of Defense v. FLRA, 510 U.S. 487, 497 (1994)) (emphasis added and internal quotation marks omitted) . See also Reporters Committee, 489 U.S. at 773. Information that does not directly reveal the operation or activities of the federal government "falls outside the ambit of the public interest that the FOIA was enacted to serve." Id. at 775.

Further, "something, even a modest privacy interest, outweighs nothing every time." National Ass'n of Retired Fed. Employees v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989); but see Lepelletier, 164 F.3d at 48 (in extraordinary circumstance where the individuals whose privacy the government seeks to protect have a "clear interest" in release of the requested information, the balancing under Exemption 6 must include consideration of that interest).

In this case, Plaintiff was provided with a wealth of information, including an initial disclosure of 511 pages of documents. That information including documents regarding the Venezuelan Confidence Building Initiative, administered through the United States-based Development Alternatives Inc. To protect the safety and liberty of the staff of the local grantees, personal identifying information was withheld, including the names of those grantees and identifying information regarding their employers. Clearly the balance tips in favor of the protection those individuals, especially in light of the amount of information already provided to Plaintiff.

**B. Names of the Employing Organizations Were Properly Withheld.**

The Supreme Court has also recognized that in some situations the deletion of personal identifying information alone may not be sufficient to provide the necessary privacy protection. Dept. of the Air Force v. Rose, 425 U.S. 352, 376-81 (1972). The D.C. Circuit has recognized that when information concerns a small group of people who are known to each other and are easily identifiable from the details contained in the information, redaction may not adequately protect privacy interests. Carter v. Dept. of Commerce, 830 F.2d 388, 391 (D.C. Cir. 1987). A determination of what constitutes identifying information under the circumstances here requires both an objective analysis and an analysis "from the vantage point of those familiar with the mentioned individuals." Cappabianca v. United States Customs Serv., 847 F. Supp. 1558, 1565

12

(M.D. Fla 1994).

Even if there may be a legitimate public interest in the information withheld under exemption (b)(6), release of any information about an individual who may be employed by an organization receiving grants from USAID, would constitute an unwarranted invasion of that individual's personal privacy, especially in light of the political climate in Venezuela. See Porter Decl. ¶¶ 14a-n. In Venezuela, there are not a vast number of non-governmental organizations that receive USAID funding. Accordingly, should the names of the organizations be revealed, their employees would surely suffer the same or similar repercussions, as those persons whose names were made public after the NED disclosure was made. In other words, the privacy interests outweighed any potential public interest. The persons employed by local grant recipients could be viewed as "CIA agents" and therefore harassed, imprisoned or worse. See Porter Decl. Attachments A-N. They were, and possibly still are, in positions funded by the United States and therefore, they could become targets of harassing inquiries and/or their physical safety may be jeopardized. The Plaintiff has failed to assert and provide any public interest that would overcome the privacy interest of these individuals. Thus, disclosure of any information, especially about an individual's employer, would be an unwarranted invasion of the individual's personal privacy and the Agency did not release identifying information to protect them from the risk of harassment and possible arrest either while at their places of work or elsewhere. See Paskar Decl. Attach. 7.

These prospects of harm justify withholding not only the names of the employees but also the names and address of their employers as well. The individuals are as likely, perhaps even more likely, to be harassed at their employers' premises than elsewhere. The prospect of severe hardship to these individuals as a result of identifying their employers or their addresses

justifies the protection of this information under Exemption 6 and outweighs countervailing interests in its disclosure.  <u>See</u> <u>Ray</u>, 502 U.S. at 176-79 (hypothetical benefits cannot outweigh a demonstrably significant invasion of privacy, including possible embarrassment or retaliation).

## **CONCLUSION**

For all the forgoing reasons, the Court should enter summary judgment in favor of the Agency.

Dated: June 7, 2006.

          Respectfully submitted,

          _____/s/_____
          KENNETH L. WAINSTEIN
          D.C. Bar #451058
          United States Attorney

          _____/s/_____
          RUDOLPH CONTRERAS
          D.C. BAR #434122
          Assistant United States Attorney

          _____/s/_____
          MERCEDEH MOMENI
          Assistant United States Attorney
          Civil Division
          555 4th Street, N. W.
          Washington, D.C.  20530
          (202) 305-4851

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of June, 2006, I caused the foregoing Motion for Summary Judgment be served on Plaintiff, postage prepaid, addressed as follows:

JEREMY E. BIGWOOD
3200 16th Street, N.W. #806
Washington, D.C. 20010

                                          /s/
                                  _____
                                  MERCEDEH MOMENI
                                  Assistant United States Attorney
                                  Civil Division
                                  555 4th Street, N. W.
                                  Washington, D.C. 20530
                                  (202) 305-4851