UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEREMY E. BIGWOOD,               )
                                 )
                    Plaintiff,   )
                                 )
        v.                       )
                                 )        Civil Action No. 06-0635 (PLF)
                                 )        (ECF)
                                 )
UNITED STATES AGENCY FOR         )
INTERNATIONAL DEVELOPMENT,       )
                                 )
                    Defendant.   )
                                 )
_____ )

## PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

Plaintiff, Jeremy E. Bigwood, hereby submits the following Cross Motion for

Summary Judgment, pursuant to Fed. R. Civ. P. 56(a) and (c). Defendant, United States

Agency for International Development ("USAID") violated the Freedom of Information

Act ("FOIA") when it partially denied Bigwood's request for documentation pertaining

to USAID's "funding of any projects and organizations or other entities in Venezuela

from 1998 to the present," and "any USAID analysis of the situation in Venezuela from

1998 to the present."

In response to Bigwood's FOIA request, USAID illegally withheld the names of

organizations it has funded in Venezuela since 1998. USAID's FOIA response to

Bigwood provided only selected responsive documents, and failed to provide internal

annual and quarterly reports and analyses, memoranda, or other documentation relating to

# RECEIVED

JUL 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

its funding of projects and organizations in Venezuela from 1998. To date, USAID has never advised Bigwood of the reasons for its failure to provide such documents.

USAID claimed that the withholding of the names of organizations receiving their financing in Venezuela was based on Exemption (b)(6) of the FOIA. This exemption protects the privacy of *individuals*. In addition, USAID failed to explain why Bigwood's original request for information about *organizations* was interpreted as a request for information about *individuals*. USAID's response is a perversion of the meaning of Exemption (b)(6). It erroneously expands the exemption designed to protect *individuals* to also include government-funded *organizations*. USAID's application of Exemption (b)(6) in this circumstance fabricates privacy rights, and applies them to organizations it finances in Venezuela. Finally, USAID distorted Bigwood's request for information under FOIA about how U.S. taxpayer dollars are being spent by USAID in Venezuela.

In this document, Bigwood submits evidence disproving the assertions of the USAID's Motion for Summary Judgment and attachments. See *Neal* v. *Kelly,* 963 F.2d 453 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e). USAID's Motion for Summary Judgment uses biased and irrelevant documents and information. The material facts in this case are favorable to Bigwood's original claim and USAID has failed to carry its burden of showing that the material facts are unfavorable to Bigwood's claim.

The facts in this case, as established by the attached Memorandum of Points and Authorities, show that the USAID's Motion for Summary Judgment should be denied and Plaintiff's Cross-Motion for Summary Judgment should be granted as a matter of law. Plaintiff Jeremy Bigwood accepts Defendant's Statement of Undisputed Material Facts

and submits a Memorandum of Points and Authorities in support of this Cross Motion,

documentary evidence and a proposed Order are also filed in this document.

Respectfully submitted,

Jeremy E. Bigwood
Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEREMY E. BIGWOOD,                         )
                                           )
                        Plaintiff,         )
                                           )
            v.                             )
                                           )       Civil Action No. 06-0635 (PLF)
                                           )       (ECF)
                                           )
UNITED STATES AGENCY FOR                   )
INTERNATIONAL DEVELOPMENT,                 )
                                           )
                        Defendant.         )
                                           )
_____)

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

The Plaintiff accepts the Defendant's Statement of Material Facts Not in Dispute

pursuant to Local Civil Rules 7(h) and 56.1.


                              Respectfully submitted,


                              _____
                              Jeremy E. Bigwood
                              Plaintiff

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEREMY E. BIGWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 06-0635 (PLF) |
| | ) | (ECF) |
| | ) | |
| UNITED STATES AGENCY FOR | ) | |
| INTERNATIONAL DEVELOPMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

<u>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CROSS MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff, Jeremy Bigwood, is an investigative journalist ("representative of the

news media" in the "freelance" category) accredited by the U.S. Senate and House of

Representatives with a history of publication in United States news media outlets.  <u>See</u>

Exhibit 1. Fifty-seven U.S. government agencies have categorized Bigwood as a

"representative of the news media" in the "freelance" category for his Freedom of

Information Act (FOIA) requests.  Bigwood's aim has always been to inform the public.

Bigwood is engaged in a long-term investigative research and journalism project

regarding activities of the United States government in Latin America and the world,

often in association with numerous internationally recognized and distinguished

journalists, academics, analysts and researchers. <u>See</u> Exhibits 2-5.

**RECEIVED**

JUL 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

During December 2003, Bigwood made a series of lengthy and detailed FOIA requests to the United States Agency for International Development ("USAID" or the "Agency"). Complt. ¶ 6. Several months after submitting his requests, USAID asked Bigwood to narrow down his request for documents. On February 26, 2004, Bigwood complied with USAID's request and narrowed his request to documents regarding USAID's "funding of any projects and organizations or other entities in Venezuela from 1998 to the present," and "any USAID analysis of the situation in Venezuela from 1998 to the present." See Complt. ¶ 8.

Bigwood was granted the appropriate "representative of the news media" status under FOIA regulations, for fee waiver purposes after telephone conversations with USAID's FOIA staff, and submission of appropriate documentation. See Defendant's Statement of Material Facts Not in Dispute ("SMF") ¶¶ 2-3. As such, USAID acknowledged and accepted Bigwood's status as a "representative of the news media" with the objective of producing information in the public interest.

Then a hiatus of six months ensued -- a period exceeding the legal time limits for responding to a FOIA (twenty days plus Saturdays, Sundays and legal holidays). After numerous telephone calls, e-mails, and follow-up procedures were conducted by Bigwood, USAID made a partial disclosure of documents responsive to Bigwood's original request, which included 511 pages of partially excised documents, released on or about August 20, 2004. In that response, USAID claimed that some materials were withheld and excised pursuant to FOIA Exemptions (b)(4) and (b)(6). SMF ¶ 5.

6

On August 28, 2004, Bigwood filed an appeal of the August 20, 2004 determination by the Agency to withhold the "names of organizations and persons who have received USAID funding in Venezuela" based on the misuse of FOIA Exemption (b)(6), which protects *only* the privacy rights *individuals*; it does not protect the "privacy rights" of *organizations* or entities. See *Washington Post Co.* v. *Department of Agriculture*, 943 F. Supp. 37 n.6 (D.D.C. 1996).

In his August 28, 2004 appeal of the USAID's August 20, 2004 decision, Bigwood made it very clear that the information requested under FOIA was in regard to *organizations*, **not** *individuals*, and that Agency's decision was not only an illegal use of FOIA exemption (b)(6), but also violated USAID's fundamental principle of "transparency and accountability and the flow of information to the public." See Appeal ¶¶ 5-7.

About November 9, 2004, USAID released the few (b)(4)-related materials that it had previously withheld. However, it refused to release the information identifying the names of the organizations and entities of local grant recipients in Venezuela. USAID claimed the information would continue to be withheld. It argued that under Exemption (b)(6) it could refuse to produce responsive documentation. USAID claimed that this withholding was necessary to protect the privacy rights – not of individuals – but of third parties that benefited from USAID funding programs in Venezuela. USAID never explained why or how Exemption (b)(6) could be applied to organizations or entities.

USAID's only explanation for why it excised responsive documents and failed to provide additional documentation relating to its projects and funding in Venezuela was its apparent anxiety over the "concerns for reprisal against those individuals by the

Venezuelan government." See Defendant's Motion for Summary Judgment. There is no plausible evidence for the "reprisal" presented by USAID, and it remains pure speculation.

USAID is an agency of the U.S. Government that uses taxpayer dollars to finance political and "democracy" initiatives in nations around the world, among other things. USAID is not an entity of the U.S. Government with a mission that demands secrecy, or charged with responsibilities in the area or interest of national security. USAID utilizes taxpayer dollars to promote transparency and accountability in foreign governments worldwide.   Yet hypocritically, it does not believe such standards should be applied to *its own activities*.

USAID  arbitrarily applied Exemption (b)(6) in order to impede U.S. citizens from knowing what entities and organizations are the recipients of their public funds in Venezuela, and invoked political bias and misplaced opinion of Venezuela's current political situation in order to justify such misuse of Exemption (b)(6).

USAID offers no substantial or credible evidence of dangers or threats to entities and organizations that benefit from U.S. taxpayer dollars through grants given by USAID in Venezuela by simply fulfilling FOIA regulations and procedures and responding to Bigwood's original request under the FOIA.

USAID's Motion for Summary Judgment also included a declaration by a Mr. Russell Porter, the head of the Office of Transition Initiatives (OTI) in Venezuela. Pursuant to Rule 56(e) of the Fed. R. Civ. P., the form of affidavits "shall be made on personal knowledge." Porter wrote about other people's supposed experiences, but his declaration lacked any first-hand *personal knowledge* about the situations he described.

Everything he said was pure hearsay and must be disregarded by the court. See Porter Declaration.

USAID presents the Court with annual reports from Human Rights Watch and the U.S. Department of State and several press releases from these same organizations, as well as six editorial and opinion articles from U.S. news media as its only evidentiary documentation to support its claims. See Porter Decl. ¶ 14 and attached exhibits as included in Defendant's Motion for Summary Judgment. [But also See Plaintiff's Exhibit 6, which is a plea from Venezuela's PROVEA – the only universally-deemed "neutral" human rights organization pleading the U.S. Ambassador that the U.S. government respect Venezuela's sovereignty. And also See Exhibit 7 which is Congressional testimony by Mr. John Walsh of the Washington Office on Latin America describing Venezuelan democracy.] USAID also fails to explain how fulfilling Bigwood's FOIA request, and providing the names of organizations and entities that receive USAID funding in Venezuela, will jeopardize these groups. All foreign organizations that receive USAID funding must always indicate their funding source on all their promotional materials, legal documents, publicity and publications. It is public knowledge that they receive USAID funding.

USAID misapprehended the meaning of Exemption (b)(6). It distorted and intentionally misinterpreted Bigwood's original FOIA request, which was for information about "organizations and entities," not individuals. USAID's misinterpretation subverts the fundamental principle of FOIA, which is to facilitate open, transparent government, and public access to information, with the condition that the information does not threaten national security or endanger individuals. For these reasons, this Court should

deny the Defendant's Motion for Summary Judgment, and grant the Plaintiff's Cross

Motion for Summary Judgment, and the proposed Order attached to this Motion.

## STATEMENT OF FACTS

The Plaintiff adopts, by reference, the attached Statement of Material Facts Not in

Dispute as prepared by the Defendant.

## LEGAL ARGUMENT

I. **STANDARD OF REVIEW**.

Pursuant to Rule 56(c) of the Fed. R. Civ. P., summary judgment "shall be

rendered" if

The pleadings, depositions, answers to interrogatories and admissions on file,
together with the affidavits, if any, show that there is no genuine issue as to any
material fact and the moving party is entitled to judgment as a matter of law.

In ruling on this motion, the court must consider one major issue: Does the

USAID meet its burden of proof under 5 U.S.C. Section 552 (a)(4)(B) to show that the

documents requested by Bigwood fall under one of the enumerated exceptions to the

FOIA, and are permissibly withheld?  Government agencies have a duty under the FOIA

to provide documents, provided the request is made properly, the documents are

described reasonably, and the documents don't fall under any of the enumerated

exceptions. *Cappabianca* v. *Commissioner*, U.S. Customs Service, 847 F.Supp. 1558,

1562 (M.D.Fla. 1994).

The burden of proof is on the agency as to whether the withholding of documents

or portions thereof under an exemption is permitted. 5 U.S.C. § 552(a)(4)(B). *U.S.*

*Department of Justice* v. *Reporters Committee for Freedom of the Press*, 489 U.S. 749,

755; 109 S.Ct.1468, 1472 (1989). The U.S. government agency must be "clear, specific, and adequately detailed" in its reasons for withholding information under an exemption and it "must describe the withheld information and the reason for nondisclosure in a factual manner" and "in good faith." *Public Citizen Health Research Group* v. *FDA*, 997 F. Supp. 56, 60 (D.D.C. 1998). The determination of whether the agency has met its burden is difficult, so several tools have been developed to aid the courts. Available methods for determination include a Vaughn index, *ex parte in camera* review of the requested documents in their original form, without redactions, or fact-specific affidavits of the parties. The trial court must find an adequate factual basis to support a finding of privilege, but the use of the described method is discretionary. *Ely* v. *Federal Bureau of Investigation*, 781 F.2d 1487, 1491 (11th Cir.1986). *Cappabianca* v. *Commissioner, U.S. Customs Service*, 847 F. Supp. 1558, 1562 (M.D. Fla. 1994)

II.    **THE DEFENDANT VIOLATED FOIA REGULATIONS BY ILLEGALLY INVOKING FOIA EXEMPTION (b)(6) TO WITHHOLD PUBLIC INFORMATION.**

As evidenced below, the Defendant illegally withheld documents responsive to Plaintiff's FOIA requests based on a misuse of FOIA Exemption (b)(6). The FOIA, at 5 U.S.C. § 552 (b)(6), sets forth an exemption for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of ***personal privacy***." [emphasis added]

A. **Exemption (b)(6) Applies Only to the Privacy of Persons and Individuals**

USAID claims that it withheld the responsive FOIA documents and information about the organizations and entities receiving financial aid from the Agency based on FOIA Exemption (b)(6) by alleging it was protecting the privacy rights of individuals and

persons employed by the organizations and groups that benefit from Agency funding. Yet the courts have held that only *individuals* have privacy rights. "[C]orporations, business and partnerships have no privacy interest whatsoever under Exemption 6." *Washington Post Co.* v. *Department of Agriculture*, 943 F.Supp. 37 n.6 (D.D.C. 1996). Courts further confirm that "Exemption 6 is applicable only to individuals." *Sims* v. *CIA,* (I), 642 F.2d 562, 572 n. 47 (D.C. Cir. 1980), citing *National Parks & Conservation Association* v. *Kleppe*, 547 F.2d 673 (D.C. Cir. 1976); *Robertson* v. *Department of Defense*, 402 F.Supp. 1342, 1348 (D.D.C. 1975); *Hill* v. *Department of Agriculture.*, 77 F.Supp.2d 6, 8 (D.D.C. 1999).

Courts have also frequently held that disclosure of information about an individual's business or professional activities does not impinge significantly on cognizable interests in personal privacy. See *Washington Post. Co.* v. *Department of Health and Human Services*, 690 F.2d 252, 261-62 (D.C. Cir. 1982); *Washington Post Co.* v. *Department of Justice*, 863 F.2d 96, 100 (D.C. Cir. 1988); *Sims* v. *CIA* (I), 642 F.2d 562, 575 (D.C. Cir. 1980) ("Exemption 6 was developed to protect intimate details of personal and family life, not business judgments and relationships."); *Board Of Trade* v. *Commodity Futures Trading Commission*, 627 F.2d 392, 399-400 (D.C. Cir. 1980), *Kurzon* v. *Department of Health and Human Services*, 649 F.2d 65, 69 (1st Cir. 1981); *Washington Post Co.* v. *Department of Agriculture*, 943 F. Supp. At 35-36; *Cohen* v. *EPA* 575 F. Supp. 425, 429 (D.D.C. 1983) ("The privacy exemption does not apply to information regarding professional or business activities.").

Plaintiff's FOIA request was quite clear, specific and explicit in asking for information only related to "USAID funding of any projects, organizations or other

entities in Venezuela from 1998 to the present," and "Any USAID analysis of the situation in Venezuela made from 1998 to the present." Plaintiff never requested any information under the FOIA regarding individuals or persons directly funded by USAID in Venezuela. FOIA Exemption 6 is very clear in applying only to the protection of individuals' privacy rights under certain circumstances and does not apply whatsoever to organizations, corporations, businesses or entities. Defendant attempts to erroneously apply Exemption 6 to the organizations it funds in Venezuela by claiming it is protecting the privacy rights of individuals working for the organizations.   This is not a recognized justification for exemption under FOIA regulations.

USAID attempts to invoke Supreme Court rulings that recognize that in some situations "deletion of personal identifying information alone may not be sufficient to provide the necessary privacy protections," citing *Department of the Air Force* v. *Rose*, 425 U.S. 352 (1976), but such a determination is entirely inapplicable in this matter. Bigwood is not requesting any information that could be considered as identifying persons but rather has explicitly requested only information about the *organizations* and entities funded by USAID. The Defendant claims that the "release of any information about an individual who may be employed by an organization receiving grants from USAID would constitute an unwarranted invasion of that individual's personal privacy." Bigwood's original and modified FOIA requests never asked for information about any individuals. Furthermore, status as an employee of an entity that receives funding from USAID does not by itself accord an individual privacy rights under Exemption 6. The prospective invasion of privacy must be "clearly unwarranted" to fall under this Exemption.

The Supreme Court has held that Exemption 6 "does not apply to an invasion of privacy produced as a *secondary effect* of the release" (emphasis in original). *Department of Defense* v. *Federal Labor Relations Authority*, 510 U.S. 487, 500-01 (1994); See also *National Association of Retired Federal Employees* v. *Horner*, 879 F. 2d 873, 878 (D.C. Cir. 1989), cert. denied, 494 U.S. 1078 (1990), *Arieff* v. *Department of the Navy*, 712 F.2d1468 (D.C. Cir. 1983). Moreover, courts have determined that news media inquiries likely to flow from disclosure are "not the sort of invasion of privacy envisioned by Exemption 6," *National Association of Atomic Veterans* v. *Director, Defense Nuclear Agency*, 583 F. Supp. 1483, 1487 (D.D.C. 1984); *Washington Post Co.* v. *Department of Agriculture*, 943 F. Supp. 31, 36 (D.D.C. 1996).

As such, the law solidly favors the release of documents that relate to organizations and entities funded by USAID, especially when such documentation is so strongly in the public interest as in this case. U.S. taxpayers have the right to know how their public funds are used through non-secretive agencies such as USAID to finance organizations in foreign nations. Numerous articles have been published in major news media and even books have been written that reference the work of USAID in countries such as Venezuela, which clearly indicates a substantial public interest. See exhibits 8-11.

Courts are very unified in their interpretation of Exemption 6 to only protect the privacy rights of "persons and individuals" and do not extend such protections to organizations, businesses, corporations or entities. USAID invokes a series of unsubstantiated allegations against the Venezuelan government and attempts to justify its illegal withholding of information per Bigwood's request because of the "political climate in Venezuela" which, according to USAID, the release of such information,

would cause or result in "harm" to the individuals employed by the organizations it funds. It would be ludicrous for the Court to permit the illegal withholding of information under Exemption 6 based on Defendant's reference to several editorial and opinion articles written by individuals with clear bias towards the Venezuelan government. See Defendant's Motion, Porter Declaration. Attachments A-N.

Furthermore, Defendant fails to provide any substantial and real evidence of individuals who have been persecuted or imprisoned for merely receiving USAID, or other funds from the U.S. Government. On the contrary, there is no evidence whatsoever that proves any individual has been persecuted or endangered in Venezuela because of receiving such funds from U.S. Government entities. See [SEE ATTACHMENTS]. Defendant references several annual reports from Human Rights Watch and the State Department that discuss the polarized political climate in Venezuela, but none of these reports demonstrates that individuals in Venezuela have been mistreated or persecuted because they received funds from USAID. See Porter Dec. Attachments A-N. This inappropriate application of FOIA Exemption (b)(6) to protect nonexistent privacy rights of organizations and entities runs counter to prior court decisions. It would violate the fundamental principle of FOIA -- to ensure transparent government operations. No authority under U.S. law justifies USAID's withholding this information about the identities organizations. The dangers USAID proposes are pure conjecture.

The above argument clearly demonstrates that organizations and entities are not protected under FOIA Exemption (b)(6), and USAID's use of this exemption to withhold requested information from the Plaintiff is violates FOIA regulations and the spirit of the law itself.

B. **FOIA Regulations Instruct the Court to Tilt the Balance Between Privacy and Open Government In Favor of Disclosure**

In order for Exemption 6 to apply, disclosure must "constitute a clearly unwarranted invasion of personal privacy," which requires a "balancing of the individual's right to privacy against the preservation of the basic purpose of the Freedom of Information Act to 'open agency action to the light of public scrutiny.'" *Dept. of Air Force* v. *Rose*, 425 U.S. 352, 372 (1976); *Dept. of State* v. *Ray*, 502 U.S. 164 (1991). The requested information does not pertain to individual's privacy rights, and Exemption 6 does not apply. But, considering the USAID's entire argument is constructed upon this misconstruing of Exemption 6, it is prudent to demonstrate before the Court that even were the Defendant's premise to hold some level of applicability under Exemption 6, the law still does not support the withholding of information in this case.

Courts are uniform in holding that the phrase "clearly unwarranted" in the FOIA statute, "instructs the Court to tilt the balance in favor of disclosure." *Getman* v. *NLRB*, 450 F.2d 670, 674 (D.C. Cir. 1971), *stay denied*, 404 U.S. 1204 (1971). In *United Association of Journeymen Local 598* v. *Department of Army Corps of Engineers*, 841 F.2d 1459, 1463 (9th Cir. 1988), the court held that "particularly under Exemption (6), there is a strong presumption in favor of disclosure." Privacy invasions must be tangible and substantial in order for Exemption 6 to apply, and not secondary effects. "Exemption 6 was directed at threats to privacy interests more palpable than mere possibilities." *Rose*, 425 U.S. at 380 n. 19. See also *National Association of Retired Federal Employees* v. *Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989) (privacy interest at stake must be significant or substantial).

In the case at hand, the privacy interest claimed by USAID is intangible. It is based upon the potential privacy interests of an anonymous group of unknown number. These are employees of more than fifty-four organizations in Venezuela that have received financial or in-kind assistance from USAID. Defendant does not present any concrete number of individuals that would be affected from a disclosure of the information requested by Plaintiff, nor does Defendant demonstrate any substantial direct impact that such a disclosure would have on the unknown number of anonymous individuals working for the organizations that have grant arrangements with USAID. Clearly in *Rose*, the Supreme Court makes it clear that Exemption 6 of FOIA cannot be applied randomly to any number of unknown individuals that could at some point in time possibly be affected in a negative way by the disclosure of non-personnel information about their employers, simply because Venezuela has had a tense political climate over the past few years. *Rose*, 425 U.S. at 380 n. 19.

USAID's erroneous attempt to protect the privacy and identity of organizations working with USAID in Venezuela through the inappropriate invocation of such entities' employees' privacy rights violates FOIA Exemption (b)(6). No court decision or law exists to justify Defendant's withholding of any information about organizations and entities receiving USAID funding in Venezuela, nor can it withhold its analysis and reports about the situation in Venezuela from 1998 to the present. Documents that may include names of individuals or employees working for or with the organizations and entities funded by USAID in Venezuela should be released in entirety, since any individuals potentially related to the organizations are not accorded privacy rights under FOIA Exemption (b)(6) merely because a disclosure of the principal information

requested may have a secondary embarrassing effect on the individuals. *Schell* v.

*Department of Health & Human Services*, 843 F.2d 933, 939 (6th Cir. 1988) ("Without

more, the disclosure of a document will not constitute a clearly unwarranted invasion of

personal privacy simply because it would invite a negative reaction or cause

embarrassment in the sense that a position is thought by others to be wrong or

inadequate."). None of the information requested by Bigwood in this case relates to

"personal" or "intimate details" of any person's life, and therefore it is not subject to

Exemption 6. *Rose*, 425 U.S. at 375-376.

Bigwood has complied with all the FOIA regulations as well as USAID's rules on

obtaining documents through FOIA. As this document has shown, there is no

demonstrable harm to individuals that can be ascribed to the release of these documents

to investigative reporter Bigwood. The USAID's reliance on Exemption (b)(6) is

unsustainable. No genuine issues of material fact exist in this case. Plaintiff Bigwood

should be granted judgment in his favor, as a matter of law.

## CONCLUSION

*A popular Government, without popular information, or the means of acquiring it, is but a Prologue to a Farce or a Tragedy: or perhaps both. Knowledge will forever govern ignorance: And a people who mean to be their own Governors, must arm themselves with the power which knowledge gives.*

> - James Madison; Letter to W.T. Barry, August 4, 1822 (Madison, James. 1865, *Letters and Other Writings of James Madison*. Published by order of Congress, volume III, edited by Philip R. Fendall, Philadelphia: Lippincott and Co., page 276.).

Defendant has clearly abused the use of FOIA Exemption (b)(6) for all the reasons stated above and has undermined the true spirit of the Freedom of Information Act: to provide for Open Government and public access to information. USAID is not supposed to be a secretive government agency and cannot merely withhold information that may disclose its own wrongdoings or misjudgments simply to avoid embarrassment. It cannot withhold the names and identities of organizations, entities and businesses it finances with U.S. taxpayer dollars in foreign nations simply because there is a threat that they may be embarrassed by the disclosure.

The public interest here clearly outweighs any possible use of FOIA Exemption (b)(6) since the information requested is to be widely disseminated in major U.S. news media and used for the publication of scholarly books and articles that are discussed and debated in universities, institutions and public organizations around the world.

Plaintiff Jeremy Bigwood respectfully asks the Court to enter summary judgment in his favor, dismissing this lawsuit with prejudice, and ordering USAID to release expeditiously to Plaintiff Jeremy Bigwood all documents sought by Bigwood's FOIA request in USAID's possession.

Dated: July 11, 2006

Respectfully Submitted,

_____
Jeremy E. Bigwood
Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEREMY E. BIGWOOD,                          )
                                            )
                   Plaintiff,               )
                                            )
         v.                                 )
                                            )     Civil Action No. 06-0635 (PLF)
                                            )     (ECF)
                                            )
UNITED STATES AGENCY FOR                    )
INTERNATIONAL DEVELOPMENT,                  )
                                            )
                   Defendant.               )
                                            )
_____     )

## **ORDER**

UPON CONSIDERATION of the Defendant USAID's Motion for Summary Judgment, and the Plaintiff's Cross Motion for Summary Judgment and all accompany exhibits and attachments;

IT APPEARING TO THE COURT that the information sought by Plaintiff is clearly in the public interest and is not subject to FOIA Exemption (b)(6) or any other exemption under FOIA regulations; and that the withholding of such information from Plaintiff is unlawful under the Freedom of Information Act and a clear abuse and violation of Exemption (b)(6); it is therefore

ORDERED that the Defendant USAID's Motion for Summary Judgment be and hereby is denied; and further it is

ORDERED that the Defendant USAID timely release to Plaintiff all information in its possession responsive to Plaintiff's Freedom of Information Act request for documentation of USAID funding of any projects, organizations or other entities in Venezuela from 1998 to the present and any USAID analysis of the situation in Venezuela made from 1998 to the present.

ENTERED this _____ day of _____, 2006.


_____
United States District Judge


Copies to:

PLAINTIFF
JEREMY E. BIGWOOD
3200 16th Street NW #806
Washington, D.C. 20010
(202) 361-5000

DEFENDANT
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, D.C. 20530
(202) 305-4851

### Plaintiff Bigwood's Annotated List of Exhibits - Civil Action No. 06-0635

Exhibit1.  Plaintiff Bigwood's published articles showing that he is a "representative of the news media" in the freelance category.  Bigwood has a long trajectory of publications and several of them are represented here.

Exhibit 2.  Plaintiff Bigwood has also worked with distinguished journalists on Freedom of Information Act (FOIA) projects. This is a letter from *New York Times* correspondent Juan Forero regarding a FOIA case regarding Colombia he and Bigwood were working on together.

Exhibit 3.  Plaintiff Bigwood has also used the FOIA to collaborate with distinguished investigative writers.  This is a copy lawyer and authoress Eva Golinger's best-selling book, "The Chavez Code."

Exhibit 4.  Plaintiff Bigwood has also worked with distinguished scholars, using the FOIA to provide information for scholarly texts such as George Washington University Professor Cynthia McClintock's coauthored book titled "The United States and Peru: Cooperation at a Cost."

Exhibit 5.  Plaintiff Bigwood has also provided documentation gleaned from the FOIA for non-governmental organizations as illustrated by the book published by the Washington Office on Latin America (WOLA) titled "Drugs and Democracy in Latin America: The Impact of U.S. Policy."

Exhibit 6.  PROVEA letter to U.S. Ambassador William Brownfield concerning its fears regarding Venezuelan sovereignty issues and U.S. policy.  PROVEA is the only "neutral" human rights organization in Venezuela.  It receives no funding from any government or NGO affiliated with any government.

Exhibit 7.  "Democracy in Venezuela" Testimony of John Walsh, Senior Associate for the Andes and Drug Policy, Washington Office on Latin America to the Congressional Subcommittee on the Western hemisphere, House International Relations Committee. November 17, 2005.

Exhibit 8.  "U.S. Funds Aid Chávez Opposition" Bart Jones, *National Catholic Reporter*, April 2, 2004.

Exhibit 9.  "Venezuela: The Gang's All Here: Replay of Chile or Nicaragua?" Alexander Cockburn, *The Nation* Magazine, September 9, 2003.

Exhibit 10.  "Confronting Venezuela" Jeremy Bigwood and James S. Henry, *Submerging Markets*, June 4, 2005.

Exhibit 11. "Not a Difficult Choice At All" Ken Livingstone, *The Guardian*, May 15, 2006.