UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEREMY E. BIGWOOD, )
)
Plaintiff, )
)
v. )
) Civil Action No. 06-0635 (PLF)
) (ECF)
)
UNITED STATES AGENCY FOR )
INTERNATIONAL DEVELOPMENT, )
)
Defendant. )
)
_____)

**MOTION TO ALTER OR AMEND JUDGEMENT UNDER RULE 59(e)**

Plaintiff Jeremy Bigwood, pro se, presents this motion for reconsideration of this court's order of April 10, 2007, granting Summary Judgment to Defendant United States Agency for International Development (hereinafter "USAID") and dismissing his Freedom of Information Act (hereinafter "FOIA") case against Defendant for records related to USAID funding of Venezuelan organizations. The court's judgment should be reconsidered and vacated because its legal analysis does not adhere to the law and therefore will have harmful effects on future FOIA cases relating to requests for records of organizations in matters where the agency may try to assert the privacy rights of individuals in the organizations. This is a great and dangerous expansion of the (b)(6) exemption to the FOIA and may be an unintended consequence of this court's ruling.

The (b)(6) exemption is for "personnel and medical and similar files". In other words, the exemption is directed at information about the employees of an agency, rather

RECEIVED
APR 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

than what the agency is doing. The proper subject of a FOIA request regards the activities of the agency. Plaintiff was not requesting files about agency employees. They are not (b)(6) USAID employees or even (b)(1) CIA agents, according to public records.

Defendant could not assert the (b)(1) exemption for national security and foreign relations because defendant is not supposed to be involved in covert operations. So USAID had to assert exemption (b)(6) to protect its covert status and that of its foreign agents. The true purpose of the FOIA to "assist citizens in discovering what their government is up to" - not to protect covert operations. *Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773 (1989).

The (b)(6) exemption to the FOIA is for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." It's not an exemption for redacting names of organizations that receive funding from US government entities. The intention of exemption (b)(6) is to protect personal information about agency employees. Plaintiff does not seek information about employees of the USAID or any other entity, but rather information about covert funding (with public monies) of political groups in Venezuela, through the USAID and funded by US taxpayer dollars. Neither the organizations receiving this funding, nor their members work for the US government, and it's doubtful that anyone the court is protecting is even a US citizen.

Assuming arguendo that the individuals' privacy interests are impinged by FOIA requests about their political organizations, the court must balance the US public's right

2

to disclosure of this information against the privacy rights of the foreign individuals working in the foreign political organizations funded by USAID. Even using the court's logic, the court did not balance the interests correctly. It's not the plaintiff's right which is balanced under (b)(6), but the right of the US public as a whole to the information, versus the privacy interests of the individuals.

Furthermore, the Court failed to take into account Plaintiff's statement providing that a majority of entities receiving funding from US government agencies in Venezuela have more than 3-4 employees.

> "The law is clear on this issue. Exemption (b)(6) cannot be applied to protect the "privacy rights" of organizations or corporations. Only individuals have cognizable privacy interests. "[C]orporations, businesses and partnerships have no privacy interest whatsoever under Exemption 6." See *Washington Post v. Department of Agriculture*, 943 F. Supp. 31 at 37 n. 6 (D.D.C. 1996); See also *Sims v. CIA (I)*, 642 F.2d 562, 572 n.47 (D.C. Cir. 1980); *National Parks & Conservation Association v. Kleppe (National Parks II)*, 547 F.2d 673, 685 n.44 (D.C. Cir. 1976); Cf. *Hill v. Department of Agriculture*, 77 F. Supp. 2d 6, 8 (D.D.C. 1999). USAID beats around the bush by mischaracterizing its actions; claiming that it is not extending the protections of Exemption (b)(6) to protect organizations' and corporations' putative privacy rights, when that is, in fact, precisely what it is doing. Defendant insults the intelligence of the Court and profoundly misinterprets the letter of the law when it attempts to convince the Court that the smaller the entity, the more rights as a "person" it should have. Such a notion shows a misunderstanding of the foundations of the law of individuals as opposed to the law of organizations or corporations. Defendant improperly reasons that since the average size of the organization it funds is three to four employees, disclosing the name of the entity is tantamount to identifying its employees. See Reply Argument, page 4, paragraph 3
>
> **[I. Withholding the Names of Employing Organizations is Proper Pursuant To Exemption (b)(6) to Ensure the Safety of Individuals.** Withholding the names of employing organizations in Venezuela that receive USAID funding is proper pursuant to exemption (b)(6) of the FOIA because disclosing the names or identifying information of these small organizations is tantamount to identifying their employees." See Exhibit B, Porter Supplemental Declaration ("Porter Supp. Decl."), paragraphs. 2 and 3 ].
>
> Such an argument, if accepted, could be used to justify treating corporations and entities as persons under the law.

> While USAID claims the average size of the organization it funds is three to four employees, Consorcio Justicia (Justice Consortium), one of the entities it finances, is a well known Venezuelan non-governmental organization with dozens of employees. Consorcio Justicia, on its webpage, www.consorciojusticia.org, advertises its funding from USAID's Venezuela program ("VICC"). So do most of the entities that receive such funding around the world. In fact, many USAID-funded NGOs in Venezuela say in their promotional and program material that they are funded by USAID. Much of the information USAID seeks to "protect" is already public. Therefore, USAID's argument that the disclosure of the names of the groups it funds would somehow endanger the individuals employed by the groups is indefensible. In the present case, Defendant is engaging in an unsuccessful attempt to impose inapplicable secrecy protections on an agency whose activities do not officially fall under the category of "National Security."
>
> Another entity that receives funding from USAID in Venezuela is the organization Súmate, ("Join Up" in Spanish). It claims on its webpage, www.sumate.org, that it has tens of thousands of members and volunteers throughout the country. This organization also publicly states that it receives financing from USAID and other United States Government entities. Yet USAID's states -- inaccurately -- that the organizations it funds in Venezuela are composed of a mere three to four persons. A poor precedent would be set if small organizations were treated as "persons" under the law for the purposes of privacy protections. Who would determine how many people an organization has to employ in order to be entitled to such privacy protections? If USAID claims an "average of three to four" employees are in an organization, does that mean that those entities employing 100 or 1000 are also entitled to such treatment? And what about 12 employees, or 25? Are those considered small organizations? This is a path the Court should not take. "

See: "Plaintiff's Reply in Support of its Cross Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment and Subsequent Reply" at page 4. Plaintiff reproduces an abbreviated, more readable version of the above and attaches it in affidavit form to this reply so that it is in the correct form for the court to consider. If the number of persons in Venezuelan political organizations is in dispute, then summary judgment is not warranted.

This Court's decision in the matter at hand unfortunately takes this dangerous slippery slope and applies exemption (b)(6) to organizations, no matter their size or composition, relationship to the US government or location. Again, how can the court justify withholding names of entities receiving public funding from USAID – not a "technically legal" clandestine US agency that operates in the name of National Security

– that have hundreds of members as protecting "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"? The Court's application of the (b)(6) exemption in this case changes the law and damages the Freedom of Information Act.

The (b)(6) exemption has no application here. Because no FOIA exemption exists for this, the court creates a new legal theory to protect the rights of Venezuelans who are not 'technically legal' employees of US agencies. The court should consider these arguments on their merits and not dismiss the pro se Plaintiff on account of his inability to hire a lawyer. Instead, because plaintiff has no counsel, the court should forgive any procedural shortcomings such as not stating the number of members of Venezuelan groups in affidavit form. The court has not properly balanced the interests at stake, and allowed USAID to misapply a FOIA exemption, changing the law. For this reason, I, Jeremy Bigwood, file this motion pro se.

        Respectfully submitted,

        */s/ Jeremy E. Bigwood*

        Jeremy E. Bigwood

Pro se

3200 16th St. NW #806

Washington, DC 20010

(202) 319-9150

## AFFIDAVIT OF JEREMY BIGWOOD

Exemption (b)(6) cannot be applied to protect inexistent privacy rights of organizations, entities or corporations. USAID beats around the bush by claiming in its Reply that it is not extending the protections of Exemption (b)(6) to protect organizations and corporations inexistent privacy rights, when that is fact, precisely what it is doing. Defendant insults the Court's intelligence and profoundly misinterprets the letter of the law by colorfully attempting to convince the Court that the smaller the entity, the more rights as a "person" it should have. Such a notion would alter the utter foundation that guides and regulates the laws of corporations and entities in the United States. Defendant claims in its Reply that since the average size of the organization it funds is three to four employees, disclosing the name of the entity is tantamount to identifying its employees, however, such an argument, if accepted, could subsequently be used to justify treating corporations and entities as persons under the law. USAID claims the average size of the organization it funds is three to four employees, yet one of the entities it finances, Consorcio Justicia (Justice Consortium), is a well known Venezuelan non-governmental organization with dozens of employees throughout the nation. Furthermore, Consorcio Justicia, on its own webpage, www.consorciojusticia.org, advertises its funding from USAID's Venezuela program ("VICC"), as do most of the entities that receive such funding around the world. In fact, it is a requirement of USAID that the organizations it finances must indicate on all promotional and program material that they are funded, in part, by USAID and the United States Government. Therefore, Defendant's argument regarding such disclosure in its own documents is rendered meaningless and a mere

i

attempt to impose inapplicable secrecy protections on an agency that does not officially engage in activities that would fall in the category of "National Security".

Furthermore, another entity that receives funding from USAID in Venezuela, the organization Súmate, claims on its webpage, www.sumate.org, that it has tens of thousands of members and volunteers throughout the country. This organization also publicly states that it receives financing from USAID and other United States Government entities. Therefore, Defendant's statement that the organizations it funds in Venezuela are composed of a mere three to four persons, is quite inaccurate. Additionally, the premise that small organizations should be treated as "persons" under the law for the purposes of receiving privacy protections sets the law on a slippery slope. Who would determine how many people an organization has to employ in order to be entitled to such privacy protections? And if USAID claims an "average of three to four" employees in an organization, does that mean that those entities that employ 100 or 1000 employees are also entitled to such treatment? This is a path the Court should not take, since it will open the doors to deciding what characteristics of a corporation, entity, company or organization make it "small" enough to receive special treatment under certain circumstances."

I swear under penalty of perjury that the above is true.

Jeremy E. Bigwood
3200 16th St. #806,
Washington, DC 20010
(202) 319-9150
Monday, April 23rd, 2007

ii