UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEREMY E. BIGWOOD,            )<br>                                                    )<br>                        Plaintiff,    )<br>                                                    )<br>        v.                                          )<br>                                                    )<br>                                                    )<br>UNITED STATES AGENCY FOR   )<br>INTERNATIONAL DEVELOPMENT, )<br>                                                    )<br>                        Defendant.    )<br>                                                    ) | Civil Action No. 06-0635 (PLF)<br>(ECF) |

**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I.     Introduction**

Plaintiff's Motion for Reconsideration ("Motion") fails to present any intervening change of controlling law or the availability of new evidence to warrant reconsideration of the Court's March 30, 2007 Order, which was followed by its April 10, 2007 Memorandum and Opinion. ("2007 Order" and "2007 Mem. Op."). Indeed, citing back to his Cross Motion and Opposition to Defendant's Motion for Summary Judgment, Plaintiff's Motion merely rehashes arguments previously considered and rejected by the Court. Therefore, under the stringent standard of Fed. R. Civ. P. 59(e) and for the reasons stated in the April 10, 2007 Memorandum and Opinion, the Court should deny Plaintiff's Motion for Reconsideration.

**II.    Background**

The factual background of this case has been previously set forth in the Court's April 10, 2007 Memorandum Opinion, in which the Court granted Defendant's Motion for Summary Judgment. *See* Dkt. Nos. 15 and 16. Specifically, the Court dismissed Plaintiff's one count

Complaint, finding that the United States Agency for International Development's ("Defendant" or the "Agency") declarations were sufficient to establish that, in the narrow circumstances presented in this case, Freedom of Information Act ("FOIA") exemption b(6) could be used to withhold names of certain, small, Venezuelan organizations receiving United States funding, in order to protect the safety of their employees.  *See* 2007 Mem. Op. at 14-15.  Presently, Plaintiff seeks reconsideration of the Court's March 2007 Order.  As shown below, Plaintiff's Motion for Reconsideration does not raise any new issues but instead seeks to relitigate arguments previously rejected by the Court.

### III.    Governing Principles

Motions for reconsideration under Rule 59(e) are subject to a "stringent standard." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Given the judicial and societal interest in the finality of judgments, such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. The Office of Max S. Baucus*, 2001 U.S. Dist. LEXIS 10869, * 9 (D.D.C. 2001).

A motion under Rule 59(e) "is not a second opportunity to present arguments upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom. Hicks v. United States*, 1999 U.S. App. LEXIS 13376 (D.C. Cir. 1999). *See also New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled"); *U.S. v. Western Electric Co., Inc.*, 690 F. Supp. 22, 25 (D.D.C. 1988) ("A Rule 59(e) motion cannot be used as a vehicle to relitigate matters already argued and

disposed of.").

Instead, to succeed on a Rule 59(e) motion, the movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone*, 76 F.3d at 1208 (internal quotations omitted). "Only if the moving party presents new facts or a clear error of law which 'compel' a change in the court's ruling will the motion to reconsider be granted." *New York*, 880 F. Supp. at 39 (*quoting Natural Resource Defense Council, Inc. v. U.S. Environmental Protection Agency*, 705 F. Supp. 698, 702 (D.D.C. 1989)). *Compare Consolidated Edison Co. of New York v. O'Leary*, 184 F.R.D. 1, 2 (D.D.C. 1998) ("A motion for reconsideration . . . should not be granted unless the movant presents either newly discovered evidence or errors of law or fact which need correction") (internal quotations omitted).

A motion for reconsideration is committed to the sound discretion of the trial court. "A trial court has broad discretion to grant or deny a motion for reconsideration." *McDonnell-Douglas v. Nat'l Aeronautics & Space Administration*, 109 F. Supp. 2d 27, 28 (D.D.C. 2000); *see also Firestone*, 76 F.3d at 1208 (reviewing trial court's ruling on 59(e) motion under "abuse of discretion" standard).

**IV.    Argument.**

    **A.    The Court Properly Granted Summary Judgment.**

After reviewing Defendant's moving papers and attached declarations, Plaintiff's opposition and Cross Motion for Summary Judgment, as well as Defendant's Reply, *Vaughn* Index and supplemental declarations, (*see* 2007 Mem. Op. at 1, n. 1), the Court granted the Agency's motion and dismissed the Complaint. The Court relied on the summary judgment

standard of Rule 56 of the Federal Rules of Civil Procedure, and the now familiar interpretations provided in *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242 (1986), *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), and in the context of FOIA cases, *Miscavige v. IRS*, 2 F.3d 366 (11th Cir. 1993). The Court noted that the only issue in dispute, at the time it made its decision in March 2007, was the withheld "information with respect to the identities of the employing organizations." *See* 2007 Mem. Op. at 5. The Court found that the Agency met its burden of justifying the withholdings because the Agency provided detailed, non-conclusory affidavits from responsible officials and a *Vaughn* Index, explaining the nature of the withheld information, as mandated in *Oglesby v. Dept. of the Army*, 79 F.3d 1127, 1178 (D.C. Cir. 1996). *See* 2007 Mem. Op. at 12-15.

Courts have broad discretion in the management of their dockets and to exercise that discretion by allowing a defendant to move for summary judgment on this claim. *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151-52 (D.C. Cir.1996) (noting that the district court has broad discretion in the management of its docket consistent with concerns of the Supreme Court and Congress "for the fair and efficient administration of justice"); *Berry v. District of Columbia*, 833 F.2d 1031, 1037 n.24 (D.C. Cir. 1987) (noting that "a trial court's decisions with respect to the management of its docket are normally entitled to deference."). Furthermore, summary judgment is a device often used "to weed out those cases insufficiently meritorious to warrant the expense of a jury trial." Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999). In this case, the Complaint was indeed susceptible to summary judgment, and it advanced judicial economy and conserved the parties' resources to resolve the merits of the case on summary judgment.

Now, Plaintiff merely disagrees with the Court's decision. Plaintiff's motion simply reiterates Plaintiff's prior arguments which the Court considered and rejected in rendering its decision. Hence, Plaintiff's motion falls far short of the manifest injustice or clear error required for reconsideration of the decision. *Firestone*, 76 F.3d at 1208. Plaintiff reiterates six arguments that were fully briefed and properly decided by the Court. In the current Motion Plaintiff asserts the following.

### 1.     The Focus on Substance of the Exemption was Properly Decided.

In his Motion, Plaintiff asserts that the form of request should control over the substance of the redaction. Motion at 2. Specifically, Plaintiff ostensibly argues because he requested information about United States funding of organizations in Venezuela, the request alone should be determinative in making the discretionary exemption 6 redaction, and no other questions should be considered. *Id*. During the initial motion practice in this matter, Plaintiff stated "The initial and revised FOIA requests were meticulously clear in requesting information pertaining to any funding of organizations and entities in Venezuela by USAID." Pl's Cross Motion (Dkt. No. 8) at 9. The Agency replied to Plaintiff's contentions with a three-page argument that the release of the small organization's name was tantamount to the release of the individual employee's names and explained the possible harmful consequences to the Venezuelan employees. Def's Reply (Dkt. No. 9) at 9-11. After the issue was fully briefed, the Court agreed with the Agency's position. 2007 Mem. Op. at 13-14. Here, Plaintiff raises no new issues and this question should not be re-examined.

## 2. The Court Was Not Required to Distinguish Between Foreign and United States Citizen's Privacy Interests.

In his Motion, Plaintiff asserts that the privacy interests of citizens of countries other than the United States and/or employees of other than United States government agencies' should not be heavily weighted by the Court in considering the privacy interest versus public interest question. Motion at 2 and 5. This is merely a restatement of Plaintiff's earlier argument that "hundreds, if not thousands" might receive vast [privacy] protections in "a clear perversion of Exemption (b)(6)". *Id*. at 9-10. USAID replied that simply because "the [] information withheld does not concern actual USAID personnel . . . is irrelevant," as the safety of other persons could also be a basis for proper withholdings under exemption 6. Def's Mot. at 11. In making its ruling that the privacy interests, and by extension the safety, of Venezuelans employed by organizations receiving funding by the United States required that the information remain redacted, the Court agreed, relying upon *Dept. of State v. Washington Post*, 456 U.S. 595 (1982). 2007 Mem. Op at 13-15. In that matter, the Supreme Court upheld the privacy interests of two non-U.S. citizens (Iranians). *Dept. of State*, 456 U.S. at 601. Thus, this argument was fully briefed and properly decided.

## 3. The Focus on Public Interest As Opposed to the Particular FOIA Requestor's Interest was Properly Decided.

The Plaintiff also alleges that the Court improperly focused on the specifics of the Plaintiff's right to know as opposed to the overall public's FOIA interest. Motion at 3. In its previous filings, Plaintiff had also argued,

> Originally when this case began, Plaintiff Bigwood respectfully and dutifully attempted to stick to the letter of the law and not bring the subject matter of this case into the political realm. . . . Defendant USAID relies on political–rather than legal– arguments in its fruitless attempt to

6

buttress its baseless case.

Pl's Cross Mot. (Dkt. No. 8) at 10-11.  In its pleadings, the Agency acknowledged that the public interest side of the balancing was in letting citizens know "what their government is up to," and simply provided the Court with information regarding the safety of the individuals in question. Def. Reply (Dkt. No. 9) at 9-11.  The court agreed that the public interest was in knowing "what [his] government is up to."  2007 Mem. Op. at 14.  This is yet another issue raised by Plaintiff in the series of already fully briefed and properly decided arguments.

### 4. Plaintiff's Speculation as to the Size of Redacted Organizations Was Irrelevant.

Plaintiff again asserts that the Defendant's affidavits, concerning the small size of the organizations, are untruthful because Plaintiff is otherwise aware of two larger organizations that received funding from the United States for work in Venezuela.  Motion at 3-4.  The current Motion precisely reproduces the exact language offered on pages 4 through 6 of the Plaintiff's Reply in Support of His Cross Motion for Summary Judgment.  *See* Dkt. No. 13.  Although Plaintiff has never seen the actual redacted information, Plaintiff states he knows of two large U.S.-funded organizations operating in Venezuela.  Motion at 4.  Plaintiff then guesses that the two specific organizations were among the redacted entities.  *Id*.  Based on his suppositions, Plaintiff then concludes that the Government also redacted information about large organizations.  *Id*.  Defendant finds this massive leap in logic curious.  Both the Agency and the Court relied on the Porter Supplemental Declaration assertion that the average organization size was three to four employees and no organizations had more than ten employees.  Def's Reply at 6-7 and 2007 Mem. Op. at 12.  After both parties had the opportunity to submit and respond to motions, the Court made the proper decision in balancing the evidentiary weight of the Plaintiff's

speculation against the Agency's properly submitted declarations.

### 5. The Court Properly Considered the Relevant Aspects of How Release of Organization Information Could Harm Individuals.

Plaintiff further alleges that the Court's decision ignores relevant factors such as organizations' "size or composition, relationship to the [U.S. G]overnment or location." Motion at 4. Plaintiff's current argument is in direct contradiction to its earlier assertion that "[Organization's] size or structure is not relevant to the application of Exemption (b)(6)." Pl's Cross Mot. at 4-9. Both the Defendant and the Court cited the size of the organization as relevant in determining if release of information about the Organization would impact individual's privacy interests and their interest in remaining free from physical harm and/or persecution. Def's Reply at 6-7 and Mem. Op. at 12-14. Accordingly, the argument was fully briefed and properly decided.

### 6. The Court is not Required to Cure Plaintiff's Failure to Submit any Affidavits.

At this late juncture, Plaintiff seems to request a second chance to submit an affidavit to dispute the Agency's evidence due to Plaintiff's choice to represent himself. Motion at 5. The Agency warned the *pro se* Plaintiff of the adverse consequences of any failure to submit affidavits, as follows.

> Plaintiff should take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments.

Def's Mot at 1. Even if Plaintiff had submitted an affidavit, Plaintiff lacked the required personal knowledge of the specific, individual-identifying information that the Defendant

8

redacted.  *See* Fed. R. Civ. P. 56(e).  Therefore, such an affidavit would have achieved the same result as mentioned in the Plaintiff's speculative argument above.  *See e.g., Small v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006) (reconsideration cannot be "employed simply to rescue a litigant from strategic choices that later turn out to be improvident.")  (Internal citations omitted.)

      Because all six of Plaintiff's arguments were fully briefed and properly decided by the Court, the request for reconsideration falls far short of the requirements for such a drastic procedure and should be denied.  As a matter of law, Rule 59(e) "is not a second opportunity to present argument upon which the *Court has already ruled*, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier."  *W.C. & A.N. Miller Cos.*, 173 F.R.D. at 3 (emphasis added).  Here, Plaintiff's Motion fails to present any new arguments, but merely asks the Court to give his Cross Motion and Opposition a second look.  Without more, the Court should deny Plaintiff's Motion for Reconsideration.

**V.      Conclusion.**

For the foregoing reasons, the Court should deny Plaintiff's Motion for Reconsideration.

Dated:  May 4, 2007.

               Respectfully Submitted,

                /s/
               JEFFREY A. TAYLOR, D.C. BAR # 498610
               United States Attorney

                /s/
               RUDOLPH CONTRERAS, D.C. BAR #434122
               Assistant United States Attorney

                /s/
               MERCEDEH MOMENI
               Assistant United States Attorney
               555 Fourth Street, N.W.
               Washington, D.C.  20530
               (202) 307-0406

*Of Counsel:*
John B. Alumbaugh, Senior Counsel
United States Agency for International Development
Washington, D.C. 20004

## CERTIFICATE OF SERVICE

      I hereby certify that on this 4th day of May, 2007, I caused the foregoing Opposition to Motion for Reconsideration to be served on Plaintiff, via electronic mail.

                /s/
MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEREMY E. BIGWOOD,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|   v. | ) |
| | )   Civil Action No. 06-0635 (PLF) |
| | )   (ECF) |
| **UNITED STATES AGENCY FOR** | ) |
| **INTERNATIONAL DEVELOPMENT,** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Upon consideration of Plaintiff's Motion for Reconsideration, Defendant's Opposition thereto, and the entire record herein, it is this _____ day of _____, 2007,

ORDERED that Plaintiff's Motion for Reconsideration be and is hereby DENIED.

SO ORDERED.

               _____
               District Judge

cc via ECF:

Mercedeh Momeni, Counsel for Defendant

and

Jeremy Bigwood, *Pro Se*
3200 16th Street, N.W. #806
Washington, D.C. 20010